**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROY L. PEARSON, JR.**    : | |
| : | |
| Plaintiff,    : | |
| v.    : | Civil Action No. 08-CV-758 (ESH) |
| : | (Jury Trial Requested) |
| **DISTRICT OF COLUMBIA**    : | |
| A Municipal Corporation,    : | |
| : | |
| **TYRONE T. BUTLER**    : | |
| In his official and individual capacities,    : | |
| : | |
| **PETER M. WILLNER**    : | |
| In his official and individual capacities,    : | |
| : | |
| **ROBERT R. RIGSBY**    : | |
| In his official and individual capacities,    : | |
| : | |
| **ANITA JOSEY-HERRING**    : | |
| In her official and individual capacities,    : | |
| : | |
| **GEORGE C. VALENTINE**    : | |
| In his official and individual capacities,    : | |
| : | |
| Defendants.    : | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY,**
**AND TO SET DATE FOR SCHEDULING CONFERENCE**

Pursuant to Fed. R. Civ. P. 1, 26 and Local Rule 16(b), plaintiff hereby moves this Honorable Court for entry of an order: (1) authorizing plaintiff to immediately initiate discovery, (2) setting a date for a Scheduling Conference and (3) directing defendants' counsel to meet and confer with plaintiff on a proposed Scheduling Order.

Counsel for the parties have discussed the relief requested by this motion. Defense counsel declines to consent to it.

This is a case in which a former District of Columbia administrative law judge seeks reinstatement to his position and damages for defendants' retaliation against him for the exercise

of his rights or obligations under the First and Fifth Amendments to the United States Constitution and the D.C. Whistleblower Act.

The case has been pending for more than nine months without discovery or a Scheduling Conference. The extended delay has reached the point at which the ***unemployed*** plaintiff will be severely prejudiced if prevented from initiating discovery and moving this case forward to trial. As importantly, the fundamental constitutional protections and important public policies underlying the claims presented in the case will be defeated in that event. To unstop the procedural dam the defendants have erected, an Amended Complaint was prepared and filed on January 26, 2009, that *affirmatively* demonstrates that the defendants do not enjoy any form of immunity and that no potential grounds for dismissal of key discovery-related claims exist.

In a telephone conversation with plaintiff on February 6, 2009, defense counsel admitted that, because of the detailed allegations in the *verified* Amended Complaint, the defendants presently know of no basis for dismissal of any claim, or a legal or factual basis for any form of immunity from suit. Nonetheless, the defendants are unwilling to file their answer in the foreseeable future, or to meet for purposes of preparing a proposed Scheduling Order that would trigger the commencement of discovery.

Further support for the relief requested in this motion is set forth in the attached Memorandum of Points and Authorities and proposed Order.

DATE: February 9, 2009

                                                  Respectfully submitted,

                                                  /s/ Roy L. Pearson, Jr._____
                                                  Roy L. Pearson, Jr.    D.C. Bar No. 955948
                                                  3012 Pineview Court, N.E.
                                                  Washington, D.C. 20018
                                                  (202) 269-1191

                                                  Counsel for Plaintiff

DocuCom PDF Trial
www.pdfwizard.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROY L. PEARSON, JR.** : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No. 08-CV-758 (ESH) |
| : | |
| **DISTRICT OF COLUMBIA** : | |
| A Municipal Corporation, : | |
| : | |
| **TYRONE T. BUTLER** : | |
| In his official and individual capacities, : | |
| : | |
| **PETER M. WILLNER** : | |
| In his official and individual capacities, : | |
| : | |
| **ROBERT R. RIGSBY** : | |
| In his official and individual capacities, : | |
| : | |
| **ANITA JOSEY-HERRING** : | |
| In her official and individual capacities, : | |
| : | |
| **GEORGE C. VALENTINE** : | |
| In his official and individual capacities, : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT DISCOVERY, AND TO SET DATE FOR SCHEDULING CONFERENCE**

**Introduction**

Plaintiff, a former administrative law judge with the D.C. Office of Administrative Hearings, was denied reappointment to a ten year term by the defendants, who are members of the Commission on Selection and Tenure of Administrative Law Judges of the Office of Administrative Hearings. The present lawsuit alleges that the defendants refused to reappoint plaintiff, or accord him even the most basic procedural due process in considering his application for reappointment, in retaliation for plaintiff's exercise of his First Amendment rights and the

exercise of his right to make protected disclosures authorized by the District of Columbia Whistleblower statute. Amended Complaint ¶¶ 1-11. Indeed, the complaint goes much further and describes how the defendants, in concert with Mayor Fenty and judicial and legislative leaders, orchestrated a media campaign to force plaintiff to abandon his reappointment application to avoid unprecedented and extraordinary local, national and international media pressure and threats of death over many months. Amended Complaint ¶¶ 12-14, 178-202.

The complaint, therefore, invokes 42 U.S.C. § 1983 and asserts violations of the First Amendment, Fifth Amendment, the D.C. Whistleblower Act and the tort of intentional infliction of emotional distress. The complaint, additionally, seeks injunctive and declaratory relief, reinstatement to a ten year term of office and compensatory and punitive damages. Because plaintiff is unemployed he obviously seeks trial at the earliest possible date.

By virtue of the employment context in which this case arises the defendants already have all of the discovery any defendant would otherwise seek -- obtained from plaintiff when he initially applied for his position as an administrative law judge and supplemented when plaintiff applied for reappointment and the defendants launched an exhaustive months long investigation into plaintiff's personal, professional and financial history. Amended Compl. ¶¶ 69, 73, 142, 160, 210, 286.

There is an additional reason the defendants will not require discovery, and thus wish to forestall the day when they have to file an answer and agree to a schedule by which plaintiff will obtain discovery and a trial. In June of 2009 the six year term of defendant Tyrone Butler, as Chief Administrative Law Judge for the D.C. Office of Administrative Hearings, will expire. Amended Compl. ¶¶ 69; D.C. Code § 2-1831.04(b)(2). If the defendants have to file an answer admitting the devastating allegations in the complaint, or have to respond to discovery or submit to trial before June 2009, those event will obviously prove fatal to defendant Butler's own reappointment hopes.

Thus, the defendants have every incentive to prolong and protract the date for filing an Answer and for commencement of discovery. And plaintiff, under severe financial pressure as a result of the nine month delay thus far in advancing to trial, must *immediately* commence discovery and proceed to trial if judicial relief is to have any practical meaning.

**I.
The Amended Complaint *Affirmatively* Demonstrates That It
States Claims Upon Which Relief May Be Granted**

In a lawsuit against a municipal corporation, and officers of the municipal corporation who are being sued in their individual capacities, the only reason to defer discovery while awaiting the filing, opposition to, and much later ruling on a motion to dismiss is that there is some reason to believe claims in the complaint, as to which the plaintiff will seek discovery, may be dismissed.

The usual grounds for dismissing all or part of a complaint that invokes 42 U.S.C. § 1983, and alleges First and Fifth Amendment violations by individual defendants, are the failure to adequately allege: (1) the individual defendants acted under "color of state law;" (2) the individual defendants had policy making authority, so as to make the District of Columbia answerable for their actions; (3) the defendants were *not* performing a quasi-judicial function, and were therefore not fully immunized; (4) at least one of plaintiff's alleged First or Fifth Amendment rights were "clearly established" by U.S. Supreme Court precedent when the defendants violated it; or (5) grounds for punitive damages. Defendants' earlier and now-mooted motion to dismiss, or alternatively for summary judgment, made each of these claims.

However, plaintiff's January 26, 2009 *verified* Amended Complaint has none of the above-listed deficiencies. This court need not, and should not, wait for the re-filing of defendants' motion to dismiss to satisfy itself on that score.

### 1. The Complaint Alleges The Defendants Acted Under Color of Law

In support of plaintiff's § 1983 claims, paragraphs 224, 236 and 253 of the Amended Complaint allege that the individual defendants acted under "color of state law" when acting as the Amended Complaint alleges. And paragraphs 19-34 of the Amended Complaint provide the factual bases for that legal conclusion by elaborating on how the defendants actually operated when exercising their legal authority to consider and vote on plaintiff's request for reappointment as an OAH administrative law judge.

### 2. The Complaint Alleges Defendants Are Policy Makers

In further support of plaintiff's § 1983 claims, paragraphs 223, 234 and 254 of the Amended Complaint allege, and cite the statutory bases for stating, that the defendants were acting as "officials with final policy and decision-making authority with respect to the determination of plaintiff's reappointment request." And paragraphs 22, 27 and 28 of the Amended Complaint provide the factual basis for that legal conclusion.

It has long been settled that "if the decision to adopt [a] particular course of action is properly made by [a] government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986) (footnote omitted). Thus, paragraphs 221-256, which detail the defendants' course of action, more than adequately alleges the defendants are policy makers pursuant to 42 U.S.C. § 1983.

### 3. The Complaint Alleges The Defendants *Admit* Their Lack of Immunity

Paragraph 23 of the Amended Complaint alleges that the defendants *admitted*, under oath before the D.C. Council, that they do not enjoy full immunity of any kind. And Paragraph 24 of the Amended Complaint alleges that the District of Columbia Office of Attorney General, itself, concurred in that admission.

In addition to defendants' admissions, paragraph 26 of the Amended Complaint demonstrates why the Commission is not entitled to official immunity: its reappointment proceedings are not adversarial and plaintiff was afforded none of the due process or appellate rights that must be in place before a government body can even arguably claim quasi-judicial immunity from a § 1983 claim. *Butz v. Economou,* 438 U.S. 478, 512; 98 S.Ct. 2894, 2914; 57 L.Ed.2d 895 (1978) (agency must render judgments comparable to those of a judge and provide adjudication that is similar to the judicial process to be afforded quasi-judicial immunity); *Simons v. Bellinger*, 643 F.2d 774, 782 (D.C. Cir. 1980) (extending quasi-judicial immunity because defendants "are subject to numerous checks capable of deterring, or correcting, unconstitutional conduct," including impartial judge of the Court of Appeals of the District of Columbia, adversarial proceedings and appellate review by the entire Court of Appeals).

### 4. The Complaint More Than Adequately Alleges At Least One Clearly Established 1st Amendment Violation

The individual defendants *cannot* argue that the Amended Complaint fails to allege a basis for concluding they are not entitled to qualified immunity. One example will suffice. The *verified* Amended Complaint alleges that the defendants discovered in May 2007 that plaintiff had filed a public interest lawsuit. Amended Compl. ¶ 180. The Amended Complaint alleges that the defendants then retaliated against plaintiff for his filing by reversing a favorable recommendation for his reappointment in May 2007, *id*, serving him in July 2007 with notice he might not be reappointed, Amended Compl. ¶ 197, and failing to reappoint him in October 2007. Amended Compl. ¶¶ 214-215.

No government employee, whether at-will or permanent, may be deprived of a benefit because of the exercise of his First Amendment right to Free Speech. *Perry v. Sindermann*, 408 U.S. 593 (1972) (reversing grant of summary judgment in case where employee alleged that his nonretention was based on his testimony before legislative committees). Every federal circuit

court that has faced the issue has ruled that the same First Amendment right extends to court filings when the subject matter of the filing is a matter of public concern. *E.g.*, *Rendish v. City of Tacoma*, 123 F.3d 1216, 1221-23 (9th Cir. 1997); *Zorzi v. County of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994). Indeed, the 3rd Circuit has ruled that an employee's court fling need not involve a matter of public concern. *San Filippo v. Bongiovanni*, 30 F.3d 424 (3d Cir. 1994), *cert. denied*, 513 U.S. 1082 (1995).

The Amended Complaint alleges, and then demonstrates, that plaintiff filed his lawsuit as a private citizen. Amended Compl. ¶ 235. It further alleges, and demonstrates, that the lawsuit addressed a matter of public concern. Amended Compl. ¶ 240.

Finally, it alleges that plaintiff's interests (and those of the public) in prosecuting the lawsuit clearly outweighed those of the defendants. Amended Compl. ¶¶ 241, 244.

### 5. The Complaint Adequately Pleads A Claim For Punitive Damages

The Verified Complaint seeks an award of punitive damages from each individual defendant. Amended Compl. ¶ 290. It is settled that punitive damages may be assessed against individuals for a violation of 42 U.S.C. § 1983, when their conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The complaint alleges the requisite states of mind, as well as reckless and callous indifference to plaintiff's constitutional rights. Amended Compl. ¶¶ 274-288, 221-256. And it provides detailed facts that support those claims. Amended Compl. ¶¶ 18-220

**II**.
**Rule 26(f) Should Be Construed To Permit Plaintiff To Initiate Discovery,
And Defendants Should Be Instructed To Confer On A Scheduling Order**

Fed. R. Civ. P 26(c) provides that "A party may **not** seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ."

Fed. R. Civ. P 1, however, instructs that this and every other civil rule "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." Thus, Rule 26(c) should be construed to authorize a plaintiff to seek discovery when the plaintiff has futilely sought, over a four month period, to persuade defendants to confer "as required by Rule 26(f)."

Otherwise, a plaintiff seeking to pursue discovery or to otherwise proceed to a Scheduling Conference and to trial is stymied so long as the defendants can forestall the required Rule 26(f) conference. Neither the local or federal civil rules were intended to frustrate progress towards a trial date under the circumstances of this case.

Local Rule 16.3(a) *requires* that counsel confer "within 21 days before a . . . scheduling order is due under Rule 16(b) F.R.Civ.P. . . ." Fed. R. Civ. P 16(b), in turn, requires that the assigned judge issue a scheduling order within "90 days after any defendant has appeared."

Each defendant in this case appeared on June 26, 2008 (when defense counsel entered his appearance on their behalf). Thus, these rules state that a Scheduling Conference should have taken place on September 24, 2008 (90 days after the defendants entered their appearance) and that counsel for the parties should have met and conferred on a proposed scheduling order by September 3, 2008 (ie, 21 days before September 24, 2008).

Pursuant to these rules, on September 19, 2008 plaintiff wrote to defense counsel seeking to set a date and time to meet and finalize a proposed Joint Conference Statement. To expedite that process plaintiff drafted a proposed Joint Conference Statement and e-mailed it to defendants' counsel on September 19, 2008 as well.

Defense counsel advised plaintiff that it was not the practice of attorneys, or judges, in this court to comply with Fed. R. Civ. P 16(b) and Local Rule 16.3(a). Plaintiff's review of the court dockets for other cases in this court confirmed that is the court's practice. Accordingly, plaintiff did not press the matter.

More than nine months have now passed since the original complaint was filed. Defendants filed a motion to dismiss, or alternatively for summary judgment, six months after the complaint was filed. To avoid the extended and prejudicial delay involved in obtaining a ruling on the motion plaintiff filed an extensive and <u>*verified*</u> Amended Complaint on January 26, 2009. The Amended Complaint affirmatively demonstrates that there is no grounds for extending official, or even qualified, immunity to defendants in their personal capacities. It further demonstrates that at least one discovery-related claim under § 1983 indisputably alleges a claim upon which relief may be granted. Finally, it demonstrates that plaintiff has sufficiently pleaded a claim for punitive damages.

In an e-mail exchange, and telephone conversation with defendants' counsel, defendants' counsel admitted that he currently knows of no basis for re-filing a renewed motion to dismiss, but desired an additional two weeks to research whether there is supportive law he is <u>unaware</u> of.

It is palpably unfair to prevent plaintiff – whose Amended Complaint *affirmatively* demonstrates there is no possible grounds for dismissal of his major discovery-related claims - from readying his case for trial until after defendants file a second motion, plaintiff prepares an opposition, and this court is able to rule on the motion. Many months will undoubtedly pass before that sequence of events is completed. In the circumstances of this case that would be patently unjust and fatal to the policies that underlie the claims the complaint presents.

Accordingly, plaintiff requests entry of the attached order.

                                      Respectfully submitted,

                                      /s/ Roy L. Pearson, Jr._____
                                      Roy L. Pearson, Jr.    D.C. Bar No. 955948
                                      3012 Pineview Court, N.E.
                                      Washington, D.C. 20018
                                      (202) 269-1191

                                      <u>Counsel for Plaintiff</u>

DocuCom PDF Trial
www.pdfwizard.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROY L. PEARSON, JR.** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 08-CV-758 (EGS) |
| : | |
| : | |
| **DISTRICT OF COLUMBIA** : | |
| A Municipal Corporation, : | |
| : | |
| **TYRONE T. BUTLER** : | |
| In his official and individual capacities, : | |
| : | |
| **PETER M. WILLNER** : | |
| In his official and individual capacities, : | |
| : | |
| **ROBERT R. RIGSBY** : | |
| In his official and individual capacities, : | |
| : | |
| **ANITA JOSEY-HERRING** : | |
| In her official and individual capacities, : | |
| : | |
| **GEORGE C. VALENTINE** : | |
| In his official and individual capacities, : | |
| : | |
| Defendants. : | |

**O R D E R**

Upon consideration of *Plaintiff's Motion For Leave To Conduct Discovery, And To Set Date For Scheduling Conference*, any Opposition thereto, and the record herein, it is by the Court this _____ day of _____, 2009,

ORDERED: that the Motion is GRANTED; and it is

FURTHER ORDERED: that plaintiff is granted leave to serve up to 50 interrogatories on each defendant (because of his inability to afford depositions), requests for production of documents and Requests for Admissions; and it is

FURTHER ORDERD: that counsel for the parties shall appear for a Scheduling Conference on the _____ day of _____ , 2009, and shall meet and confer on a proposed Scheduling Order in sufficient time to submit a Joint Conference Statement to the court 10 days in advance of the Scheduling Conference.

SO ORDERED.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Send to:

Roy L. Pearson, Jr., Esquire
3012 Pineview Court, N.E.
Washington, D.C. 20018

<u>Counsel for Plaintiff</u>


Andrew J. Saindon, Esquire
Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

<u>Counsel for all Defendants</u>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of February, 2009, a true and correct copy of the foregoing *Plaintiff's Motion For Leave To Conduct Discovery, And To Set Date For Scheduling Conference* has been served upon the following via ECF:

    Andrew J. Saindon, Esquire
    Assistant Attorney General
    Office of the Attorney General for the District of Columbia
    441 4th Street, N.W.
    Sixth Floor South
    Washington, D.C. 20001

    *Counsel for all Defendants*

    /s/ Roy L. Pearson, Jr.
    Roy L. Pearson, Jr.    D.C. Bar No. 955948