# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 09-7089**           September Term 2009

1:08-cv-00758-ESH

Filed On:  January 5, 2010

Roy L. Pearson, Jr.,

    Appellant

    v.

District of Columbia, et al.,

    Appellees

    **BEFORE:**    Ginsburg, Brown, and Griffith, Circuit Judges

### O R D E R

Upon consideration of the motion for partial summary affirmance, the opposition thereto, and the reply; the motion to hold this appeal in abeyance pending a decision in LeFande v. District of Columbia, Appeal No. 09-7080, the opposition thereto, and the reply; the cross-motion for sanctions, the opposition thereto, and the reply, which includes a request for a scheduling order; and the motion to extend page limit for appellant's opening brief, the opposition thereto, and the reply, it is

**ORDERED** that the motion for partial summary affirmance be denied.  The merits of the parties' positions are not so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  It is

**FURTHER ORDERED** that the motion to hold the appeal in abeyance pending a decision in LeFande v. District of Columbia, No. 09-7080, be denied.  The Clerk is directed to schedule argument on the same date and before the same panel as LeFande.  It is

**FURTHER ORDERED** that the motion for sanctions be denied.  Appellant has not pointed to any conduct by Appellees that would warrant the imposition of sanctions under Fed. R. App. P. 38 or D.C. Circuit Rule 38.  It is

**FURTHER ORDERED** that the motion to extend the page limit for appellant's opening brief be denied.  Appellant has not provided "extraordinarily compelling reasons" to exceed the page limit for his brief.  See D.C. Cir. Rule 28(e)(1).  It is

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 09-7089**                                      **September Term 2009**

**FURTHER ORDERED** that the request for a scheduling order be denied to the extent it seeks expedited briefing.  This is not an "action for temporary or preliminary injunctive relief" requiring expedition under 28 U.S.C. § 1657(a), as the denial of appellant's motion for preliminary injunction merged into the dismissal of the underlying complaint.  See Shaffer v. Carter, 252 U.S. 37, 44 (1920); Conecuh-Monroe Cmty. Action Agency, 852 F.3d 581, 586 (D.C. Cir. 1988).

The Clerk is directed to enter a briefing schedule consistent with this order.

**Per Curiam**