# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 09-7089**  September Term, 2009

FILED ON: MAY 27, 2010

ROY L. PEARSON, JR.,
    APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
    APPELLEES



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED MAY 2 7 2010

CLERK

**MANDATE**

Pursuant to the provisions of Fed. R. App. P. 41(a)

ISSUED: 7/8/10

BY: [signature] Deputy Clerk

ATTACHED: ___ Amending Order
    ___ Opinion
    ___ Order on Costs

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-00758-ESH)

Before: GINSBURG, HENDERSON and GARLAND, *Circuit Judges*.

### JUDGMENT

This appeal was considered upon the briefs and the appendices filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the order of the district court be affirmed.

The district court correctly concluded Pearson's testimony before the D.C. Council and private communication with the Council's staff were not protected by the First Amendment to the Constitution of the United States. *See Pearson v. District of Columbia*, 644 F. Supp. 2d 23, 38 (2009). A "public employee speaks without First Amendment protection when he reports conduct that interferes with his job responsibilities." *Winder v. Erste*, 566 F.3d 209, 215 (D.C. Cir. 2009). Pearson did just that. As an Administrative Law Judge, he had a responsibility to "[d]ecide all cases in an impartial manner," D.C. Code § 2-1831.09(a)(8), and he reported to the Council that the peer review system was interfering with that responsibility, *see, e.g.*, Compl. ¶ 222 (alleging Pearson told Council his "[d]ecisional independence" was "chilled and frustrated by a secret ... 'peer review' system").

Nor was Pearson's lawsuit against his dry cleaner protected speech. That suit did not

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: [signature] Deputy Clerk

involve a matter of public concern; as the district court stated, it is more properly "characterized as a personal vendetta against a dry cleaners over a pair of pants." *Pearson*, 644 F. Supp. 2d. at 45.

Pearson's procedural due process claim fails because he was "afforded adequate process." *Id.* at 47. His substantive due process claim fails because the "threshold for [establishing] a substantive due process violation has not been met." *Id.* at 49.

Having dismissed Pearson's federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over his claims arising under D.C. law. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Finally, with regard to Pearson's argument that on remand the district court judge should recuse herself or we should reassign the case, it is clear that "one fully apprised of the surrounding circumstances," *Cobell v. Norton*, 334 F.3d 1128, 1143 (D.C. Cir. 2003), could not reasonably question that judge's impartiality. *See* 28 U.S.C. § 455(a).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>PER CURIAM.</u>

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/ 
Michael C. McGrail
Deputy Clerk